IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC, § § | |
| Plaintiff, § § | Case No: |
| vs. § § | PATENT CASE |
| LT SECURITY INC. § § | |
| Defendant. § § § | |

# COMPLAINT

Plaintiff Rothschild Patent Imaging LLC ("Plaintiff" or "RPI") files this original Complaint against LT Security Inc. ("Defendant" or "LTS") for infringement of United States Patent Nos. 8,437,797 ("the '797 Patent"), 8,594,722 ("the '722 Patent"), and 8,204,437 ("the '437 Patent").

# PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Rd., Suite 400, Plano, TX 75093.

4. On information and belief, Defendant is a domestic company with a place of business at 1100 Valwood Pkwy., Suite 112, Carrollton, TX 75006.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,437,797)

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '797 Patent with sole rights to enforce the '797 Patent and sue infringers.

11. A copy of the '797 Patent, titled "Wireless Image Distribution System and Method," is attached hereto as Exhibit A.

12. The '797 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims (at least by having its employees, or someone under Defendant's control, test the System), including at least claim 6, of the '797 Patent by making, using, importing,

selling, and/or offering for wireless security cameras covered by at least claim 6 of the '797 Patent.

14. On information and belief, Defendant sells, offers to sell, and/or uses wireless security cameras, including, without limitation, the Platinum HD Cube Network IP Camera 3.2MP – WIFI CMIP8932-W ("Product"), which infringes at least Claim 6 of the '797 Patent.

15. The Product is an image capturing mobile device (e.g., a mobile security camera), which includes a wireless receiver (e.g., a Wi-Fi/802.11 b/g/n receiver) and a wireless transmitter (e.g., a Wi-Fi/802.11b/g/n transmitter).

16. The Product includes a processor as all digital cameras include a processor to perform essential functions.  On information and belief the processor is connected to the wireless receiver and transmitter.

17. The processor is configured to receive a plurality of photographic images.  For example, the Product has a camera that records videos, in which each frame of the video is a photographic image.

18. The processor filters the images using a transfer criterion.  For example, a user may tap a snapshot icon on a smartphone in communication with the camera in order to indicate video frames for saving and transmitting.  The processor filters the frames of the video to save and transmit the images according to the transfer criteria (e.g., the user's selection of frames).

19. The processor, in conjunction with the wireless transmitter, sends the filtered images (e.g., the snapshot images selected by the user) to a second mobile device (e.g., a smartphone, tablet, etc. having the BroView app, or other LTS app, and in communication with the security camera).

20. The processor, in conjunction with the wireless receiver, receives the transfer criteria (e.g., the user's selection of snapshot images) from the second mobile device.

21. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,594,722)

24. Plaintiff incorporates paragraphs 1-23 herein by reference.

25. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

26. Plaintiff is the owner by assignment of the '722 Patent with sole rights to enforce the '722 patent and sue infringers.

27. A copy of the '722 Patent, titled "Wireless Image Distribution System and Method," is attached hereto as Exhibit B.

28. The '722 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29. Upon information and belief, Defendant has infringed and continues to infringe one or more claims (at least by having its employees, or someone under Defendant's control, test the System), including at least claims 1 and 5, of the '722 Patent by making, using, importing, selling, and/or offering for wireless security cameras covered by at least claims 1 and 5 of the '722 Patent.

30. On information and belief, Defendant sells, offers to sell, and/or uses wireless security cameras, including, without limitation, the Platinum HD Cube Network IP Camera 3.2MP – WIFI CMIP8932-W ("Product"), which infringes at least claims 1 and 5 of the '722 Patent.

31. The Product is an image capturing mobile device (e.g., a mobile security camera), which includes a wireless receiver (e.g., a wi-fi, 802.11 b/g/n receiver) and a wireless transmitter (e.g., a wi-fi, 802.11 b/g/n transmitter).

32. The Product includes a processor as all digital cameras include a processor to perform essential functions. On information and belief the processor is connected to the wireless receiver and transmitter.

33. The processor is configured to receive a plurality of photographic images. For example, the Product has a camera that records videos, in which each frame of the video is a photographic image.

34. The processor filters the images using a transfer criterion. For example, a user may tap a snapshot icon on a smartphone in communication with the camera in order to indicate video frames for saving and transmitting. The processor filters the frames of the video to save and transmit the images according to the transfer criteria (e.g., the user's selection of frames).

35. The processor, in conjunction with the wireless transmitter, sends the filtered images (e.g., the snapshot images selected by the user) to a second mobile device (e.g., a smartphone, tablet, etc. having the BroView app, or other LTS app, and in communication with the security camera).

36. The image capturing device and the second mobile device are disposed in a

selectively paired relationship with one another. For example, both wireless devices are connected through a Wi-Fi network. The pairing is based upon a geographic location of at least one of the plurality of photographic images. For example, both the second mobile device and the image capturing device are associated with a user account that is tied to a particular location where the image capturing device is located (e.g., the user's home). A user pairs their mobile device to a particular camera based upon their desire to monitor a particular location and, thus, the pairing is based on the location of the camera and the location of the images that the camera records.

37.     Regarding claim 5, the Product, as indicated by the structure and elements set forth in paragraphs 29-36, is an image capturing mobile device and performs the steps of (a) receiving a plurality of photographic images, (b) filtering the photographic images using a transfer criterion, (c) transmitting, via a wireless transmitter, and to a second image capturing device, the filtered images, and (d) the image-capturing mobile device and the second mobile (sic; device) are disposed in a selectively paired relationship with one another based upon a geographic location of at least one of the plurality of photographic images.

38.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

39.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

40.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,204,437)

41.     Plaintiff incorporates paragraphs 1-40 herein by reference.

42. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

43. Plaintiff is the owner by assignment of the '437 Patent with sole rights to enforce the '437 patent and sue infringers.

44. A copy of the '437 Patent, titled "Wireless Image Distribution System and Method," is attached hereto as Exhibit C.

45. The '437 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

46. Upon information and belief, Defendant has infringed and continues to infringe one or more claims (at least by having its employees, or someone under Defendant's control, test the System), including at least claim 1, of the '437 Patent by making, using, importing, selling, and/or offering for wireless security cameras covered by at least claim 1 of the '437 Patent.

47. On information and belief, Defendant sells, offers to sell, and/or uses wireless security cameras, including, without limitation, the Platinum HD Cube Network IP Camera 3.2MP – WIFI CMIP8932-W ("Product"), which infringes at least claim 1 of the '437 Patent.

48. The Product is a system that can distribute at least one photographic image (e.g., the product is a mobile security camera that can transmit images).

49. The Product includes an image capturing device (e.g., LTS wireless security camera) and a receiving device (e.g., smartphone with installed BroView app or other LTS app, and which has a Wi-Fi/802.11b/g/n receiver antenna).

50. The capturing device and receiving device are cooperatively disposed in a communicative relation with one another via at least one wireless network.  For example, the

receiving device can live stream, through a 3G/4G/Wi-Fi network, images transmitted by the image capturing device.

51. The capturing device has a capture assembly that is structured to selectively capture the at least one digital photographic image.

52. The capturing device also has a first network component (e.g., Wi-Fi module within the LTS wireless security camera). The first network component is structured to communicate the at least one digital photographic image to the receiving device via said at least one wireless network (e.g., live streaming over a 3G/4G/Wi-Fi network).

53. The receiving device has a second network component (e.g., Wi-Fi module within the smartphone). The second network component is structured to receive the at least one digital photographic image from the capturing device via the wireless network (e.g., live streaming over a 3G/4G/Wi-Fi).

54. The capturing device and the receiving device are disposed in a selectively paired relationship with one another. For example, the LTS wireless security camera and the mobile device having the LTS app are connected via the wireless network to enable the mobile device to live stream images transmitted by the LTS wireless security camera.

55. The selectively paired relationship is at least partially based on the capturing device and the receiving device being cooperatively associated with at least one common pre-defined pairing criterion. For example, both devices are connected through a Wi-Fi or other wireless network and are associated with a single user account.

56. The pre-defined pairing criterion is a geographic location of the capturing device. For example, both the smartphone and a paired LTS wireless security camera are associated with a user account that is tied to the location of the camera (e.g. the user's home).

The location is the area a user wishes to monitor on their smartphone.

57. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

58. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

59. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,437,797; 8,594,722; and 8,204,437 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: December 9, 2016              Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpllc.com
bkizzia@kpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C